### CARSON & LEWIS v. JOHN T. COCK, ADM'R.

1. SUIT ON REJECTED CLAIMS AGAINST AN ESTATE.—A petition alleging ownership of valid claims against the estate, described therein, which have been duly presented to the administrator and have been by him rejected, is sufficient, on general demurrer, when one or more of such claims appear to be valid.

2. PRACTICE.—That other claims set out in the petition on their face appear invalid, is no ground for sustaining a general demurrer. The court should have required plaintiff to replead, restricting his suit to the valid claims in his petition.

3. SAME.—Where invalid claims are inserted in a petition with claims apparently good, it is no answer to exceptions to the invalid claims, to announce to the court that the invalid claims are not relied on.

APPEAL from Parker. Tried below before the Hon. J. A. Carroll.

The facts sufficiently appear in the opinion.

*A. T. Watts*, for appellants.—The plaintiffs' original and amended petitions show that the several claims sued upon are valid and subsisting claims against the estate of said John H. Prince, deceased, to the extent of one-half of each claim, except exhibit I, which is shown to be a valid claim for the whole amount thereof; that these claims were all contracted before the death of John H. Prince, and that each claim was duly and legally authenticated and presented to said John T. Cock, administrator, and was each indorsed by him "rejected"; that each of said claims was transferred to plaintiffs Carson & Lewis for a valuable consideration; that this suit was brought upon the same within ninety days from the time each was rejected; that plaintiffs were and are the legal owners and holders of the same, and that the same are due and unpaid. (1 Paschal's Dig., arts. 1310, 1311; 2 Paschal's Dig., arts. 5649, 5650, 5655, 5659; Warner *v.* Bailey, 7 Tex., 517; Zacharie *v.* Bryan, 2 Tex., 274; Wallace *v.* Hunt, 22 Tex., 647; Williams *v.* Warnell, 28 Tex., 610.)

MOORE, CHIEF JUSTICE.—This suit was brought by appellants against the appellee as the administrator of John H. Prince, deceased, to establish certain notes and accounts enumerated and described in their petition, alleged to belong to them, as valid claims against the estate of said Prince. This is the third time this case has been before this court. ( 38 Tex., 285 ; 45 Tex., 429.) When last here, the judgment of the court below in favor of the present appellants was reversed, because it was in part founded on supposed debts and contracts made by John H. Phelps, as surviving partner of the firm of Phelps and the decedent, John H. Prince. After the case was remanded the plaintiffs, Carson & Lewis, announced in open court, as is shown by the record, that they would no further prosecute their suit to establish any of the claims set forth in their petition which accrued subsequent to the death of Prince. But notwithstanding their abandonment of this part of their action, the court sustained a general demurrer to their petition ; and plaintiffs not asking to further amend, the suit was dismissed.

The case is submitted to us on brief for appellants, made, with the exception of too great meagreness in its statements, in strict conformity with the present rules of the court ; and as no appearance whatever has been made for appellee, we cannot say what were the objections urged against the petition by appellee, or the grounds upon which the court sustained his demurrer. The petition is unquestionably vague and indefinite in some of its most material averments, though it is likewise unusually voluminous. It is certainly very loosely and inartificially drawn ; but while it is justly subject to criticism in these respects, we think it is charged with reasonable certainty, when excepted to merely by general demurrer, that appellants are the holders and owners of valid claims against the estate of appellee's intestate, described in the petition, which had been duly presented to appellee as valid claims against the estate of his intestate and rejected by him. Now, without undertaking to say that such is the

case in regard to all the claims upon which appellants are still seeking judgment, we think the averments in their petition are sufficient to entitle them to a recovery upon some of them. If so, the court should, instead of sustaining, have overruled the demurrer, and have required appellants to replead, if, indeed, that should not have been required before passing upon the demurrer. This should have been required, if for no other reason than to compel the plaintiffs to conform their action to the judgment of this court on the former appeal. The attempt to relieve their petition from exception on this ground, by the announcement to the court that they would not further prosecute their action on the debts alleged to have been contracted by the surviving partner after the death of Prince, should not have been recognized or permitted; but they should have been required to do this by an amendment of their pleadings.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.